[Cite as *Ross v. Ohio Dept. of Transp., Dist. 12*, 2010-Ohio-6676.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

EDWARD V. ROSS

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 12

     Defendant

     Case No. 2010-08071-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Edward V. Ross, filed this action against defendant, Department of Transportation (ODOT), contending that his Honda motorcycle was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 271 in Cuyahoga County. In his complaint, plaintiff described the particular damage event noting that: "[w]as traveling home from work on Monday May 24th, 2010 leaving BMW Cleveland at Soon center & 422 going west on 422 to the 271 northbound exit, at the bottom of the 271 North on ramp I encountered a huge pothole that was unavoidable." The impact of striking the pothole caused substantial damage to plaintiff's motorcycle. Plaintiff related that he subsequently discovered that several employees and customers at his place of work had sustained damage to their vehicles from striking the same pothole that caused his damage. In his complaint, plaintiff requested damages in the amount of $500.00, his insurance coverage deductible for motorcycle repair costs. The filing fee was paid.

{¶ 2} Defendant denied liability based on he contention that no ODOT personnel had any knowledge of any roadway defects on Interstate 271 prior to plaintiff's May 24, 2010 incident. Defendant related that ODOT's "investigation indicates

that the location of Plaintiff Ross' incident would be at approximately county milepost 6.30 or state milepost 28.10 on I-271 in Cuyahoga County." Defendant denied receiving any prior calls or complaints about a pothole or potholes in the vicinity of that location despite the fact that "[t]his section of roadway has an average daily traffic count" of over 132,000 vehicles. Defendant asserted that plaintiff did not offer any evidence to establish the length of time that any pothole existed in the vicinity of milepost 28.10 on Interstate 271 prior to 5:15 p.m. on May 24, 2010. Defendant suggested that "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶ 3} Additionally, defendant contended that plaintiff did not offer any evidence to prove that the roadway was negligently maintained. Defendant advised that the ODOT "Cuyahoga County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes were discovered in the vicinity of plaintiff's incident the last time that section of roadway was inspected prior to May 24, 2010. The claim file is devoid of any inspection record. Defendant argued that plaintiff has failed to offer any evidence to prove his property damage was attributable to any conduct on the part of ODOT personnel. Defendant asserted that, "I-271 was in good condition at the time and in the general vicinity of plaintiff's incident." Defendant stated that, "[a] review of the six-month maintenance history (record submitted) for the area in question reveals that five (5) pothole patching operations were conducted in the general vicinity and only one of these was in the southbound direction." Patching operations were performed on January 11, 2010, January 13, 2010, January 25, 2010, February 18, 2010, and March 4, 2010. Defendant noted, "that if ODOT personnel had detected any defects they would have been promptly scheduled for repair."

{¶ 4} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced

furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

**{¶ 5}** Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

**{¶ 6}** In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise conditions or defects alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the potholes on Interstate 271 prior to the afternoon of May 24, 2010.

**{¶ 7}** Therefore, to find liability, plaintiff must prove that ODOT had constructive notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

**{¶ 8}** In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD. Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard,* at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each

specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown that ODOT had constructive notice of the pothole.

{¶ 9} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. The fact that defendant's "Maintenance History" reflects pothole repairs were made in the vicinity of plaintiff's incident on various occasions does not prove negligent maintenance of the roadway on the part of ODOT. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the pothole.

{¶ 10} In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant maintained known hazardous roadway conditions. Plaintiff failed to prove that his property damage was connected to any conduct under the control of defendant, or that defendant was negligent in maintaining the roadway area, or that there was any actionable negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

EDWARD V. ROSS

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 12

Defendant

Case No. 2010-08071-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Edward V. Ross
740 E. 249th Street
Euclid, Ohio  44123

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
11/3
Filed 11/23/10
Sent to S.C. reporter 2/18/11